Daniel M. LINKOUS, M.D., Appellant,

v.

Doyle MURRY and Gwendolyn Murry, Appellees.

No. A14–92–01243–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 21, 1994.

Before MURPHY, ELLIS and JUNELL,* JJ.

## OPINION

JUNELL, Justice (Retired).

Appellees, Doyle Murry and Gwendolyn Murry, sued appellant, Dr. Daniel Linkous, for injuries sustained by Doyle Murry while under appellant's care. The jury found Doyle Murry to be thirty percent negligent and appellant to be seventy percent negligent and awarded appellees $91,500. Appellant raises one point of error concerning sanctions levied against appellant by the trial court for discovery abuse. We reverse the judgment of the trial court.

The trial court sanctioned appellant for failing to supplement an answer to an interrogatory. In March of 1988, appellees sent interrogatories to appellant inquiring, among other things, whether appellant's hospital privileges had ever been limited in any way

---

* Justice Junell sitting by appointment of the Texas     Supreme Court.

or suspended at any hospital where appellant had held staff privileges. In May of 1988, appellant answered that his privileges had never been suspended. In February of 1989, appellant's staff privileges were suspended. Trial was set for September 4, 1990 and discovery was ordered to cease on August 3, 1990. On August 13, 1990, appellant supplemented his interrogatory answer notifying appellees that his hospital privileges had been suspended.

On August 27, 1990, the trial court granted appellee's Motion to Strike Defendant's Pleadings finding that appellant had abused discovery. On rehearing, the court modified the sanction to prohibiting appellant "from introducing any expert medical testimony on the issue of whether the defendant Linkous was negligent on the occasion in question, save and except for cross-examination of the plaintiff's medical experts." The court found that appellant had "intentionally failed to supplement interrogatory answers either seasonably or reasonably."

In his sole point of error, appellant contends that the trial court's sanction was too severe. Appellant claims that the sanction imposed by the trial court was equivalent to the "death penalty" sanction because parties in a medical malpractice case must prove negligence and causation by expert testimony. Appellant argues that the sanction is unjust because there is not a direct relationship between the offensive conduct and the sanction imposed and because the sanction imposed was excessive. *See TransAmerican Natural Gas v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). Appellant also claims that appellees could not have used the information provided by the late supplemented answer because information regarding the suspension was privileged. Consequently, appellant argues that appellees would not have profited from an earlier supplemented answer.

■ Rule 215(3) provides that upon a finding that a party is abusing the discovery process, the trial court may impose any appropriate sanction including refusing to allow the disobedient party to introduce designated matters in evidence. TEX.R.CIV.P. 215(3), (2)(b). However a sanction imposed for discovery abuse must be "just." TEX.R.CIV.P.

215(2)(b); *TransAmerican Natural Gas,* 811 S.W.2d at 917. To determine what is "just" the supreme court has created a two part standard: First, a direct relationship must exist between the offensive conduct and the sanction imposed; and second, the sanction must be no more severe than necessary to satisfy its legitimate purposes. The legitimate purposes of discovery sanctions are threefold: 1) to secure compliance with discovery rules; 2) to deter other litigants from similar misconduct; and 3) to punish violators. *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 849 (Tex.1992). In short, when imposing sanctions "the punishment should fit the crime." *Id.*

■ Applying the *Transamerican* standard to the current case, we do not believe that the punishment fits the crime. The trial court prohibited appellant from putting on any form of expert testimony because of appellant's failure to supplement an interrogatory answer concerning the suspension of his medical privileges. The interrogatory that appellant failed to supplement did not inquire as to the subject matter of expert testimony or to the designation of expert witnesses. Under these circumstances, we do not believe that a direct relationship exists between a ban of all defensive expert testimony and the failure to supplement an interrogatory answer concerning the suspension of hospital privileges. *Cf.* TEX.R.CIV.P. 215(5) (requiring the trial court to exclude evidence not provided by a party that such party had a duty to disclose as well as the testimony of expert witnesses not timely designated).

In addition, we believe that the sanction imposed by the trial court was extreme. We have held that the refusal to allow expert medical testimony to prove liability in a medical malpractice case is equivalent to the "death penalty" sanction. *See Smith v. Nguyen,* 855 S.W.2d 263, 267 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Peters v. Moore,* 835 S.W.2d 764, 768 (Tex.App.—Houston [14th Dist.] 1992, no writ). It follows that expert testimony serves an important role in disproving negligence in a medical malpractice case. As appellant was found guilty of only one instance of discovery

abuse, we believe that a lesser punishment would have satisfied the legitimate purposes of sanctions.

Appellee contends that if we find that the trial court erred in assessing the sanction, such error is harmless. *See* TEX.R.APP.P. 81(b)(1). An error in the exclusion of evidence requires reversal if it is both controlling on a material issue and not cumulative. *Mentis v. Barnard,* 870 S.W.2d 14, 16 (Tex. 1994). Because of the importance of expert medical testimony in medical malpractice cases, we cannot find that the trial court's exclusion of all defensive expert testimony was harmless.

Appellant's point of error is sustained. The judgment of the trial court is reversed and remanded.