CV5-666 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00666-CV







Rose Marie Gonzalez, Appellant



v.



Frances Biggs Wyatt and Marion Wyatt, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-94-1044-C, HONORABLE DICK ALCALA, JUDGE PRESIDING







PER CURIAM



 Rose Marie Gonzalez appeals from the trial-court judgment dismissing her cause
with prejudice. She brings one point of error, contending that the trial court abused its discretion
in imposing "death penalty" discovery sanctions. We will reverse the trial-court judgment and
remand for further proceedings.

Background


 Gonzalez sued appellees for injuries she sustained in an automobile accident
involving a car driven by appellee Frances Biggs Wyatt. She filed suit in September 1994 and
was served with interrogatories and requests for production on December 1, 1994. Gonzalez
answered on January 10, 1995, within an agreed extension of time. The answers were not signed
or verified, however, and a number of objections to questions were made or questions answered,
"Will supplement." The cause was set for trial June 19, 1995, but was continued at Gonzalez's
request until July 24, 1995. At a pre-trial hearing on July 12, 1995, appellees filed a motion for
sanctions. On the morning of the hearing of the motion, Gonzalez filed her first supplemental
responses, which were signed and verified. On July 21, 1995, a verification to the original
answers was filed.

 At the hearing on the motion for sanctions the court found that the objections were
frivolous and that appellant was resisting discovery. The court then dismissed the cause.

Discovery Sanctions


 The imposition of sanctions for discovery abuse is within the sound discretion of
the trial court. TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991);
White v. Bath, 825 S.W.2d 227, 229 (Tex. App.--Houston [14th Dist.] 1992, writ denied), cert.
denied, 507 U.S. 1039 (1993). A trial court abuses its discretion when it acts without reference
to guiding principles or is arbitrary or unreasonable. Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1985); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.
1991), cert. denied, 476 U.S. 1159 (1986). In assessing discovery sanctions, the trial court may
consider everything that has occurred during the litigation. Bath, 825 S.W.2d at 230.

 Discovery sanctions must be measured by two standards: a direct relationship must
exist between the offensive conduct and the sanction imposed and just sanctions must not be
excessive. Hamill v. Level, 917 S.W.2d 15, 16 (Tex. 1996); TransAmerican, 811 S.W.2d at 917. 
The trial court must at least attempt to determine whether the offensive conduct is attributable to
counsel only, or to the party only, or to both. Transamerican, 811 S.W.2d at 917. A sanction
imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate
purpose. Hamill, 917 S.W.2d at 16; TransAmerican, 811 S.W.2d at 917. 

 Imposition of a case-determinative sanction is of particular concern because a court
then renders judgment without regard to the merits of the case. Hamill, 917 S.W.2d at 16;
TransAmerican, 811 S.W.2d at 918. " '[T]here are constitutional limitations upon the power of
courts, even in aid of their own valid processes, to dismiss an action without affording a party the
opportunity for a hearing on the merits of his cause.' " TransAmerican, 811 S.W.2d at 918
(quoting Societe Internationale v. Rogers, 357 U.S. 197, 209-10 (1958)). A court must consider
the availability of less stringent sanctions and whether such lesser sanctions would fully promote
compliance. Hamill, 917 S.W.2d at 16; TransAmerican, 811 S.W.2d at 917; Linkous v. Murry,
875 S.W.2d 41, 42 (Tex. App.--Houston [14th Dist.] 1994, no writ); Fletcher v. Blair, 874
S.W.2d 83, 85-6 (Tex. App.--Austin 1994, writ denied). The record must reflect that the court
considered the availability of lesser sanctions. GTE Communications Sys. Corp. v. Tanner, 856
S.W.2d 725, 729 (Tex. 1993); Otis Elevator Co. v. Parmelee, 850 S.W.2d 179, 181 (Tex. 1993);
Blair, 874 S.W.2d at 85. The court may not use death penalty sanctions to deny a litigant a
decision on the merits of the cause unless the court finds that the sanctioned party's conduct
justifies a presumption that its claims or defenses lack merit. Transamerican, 811 S.W.2d at 918.

 We note that the problem with the original response to appellees' interrogatories
and requests for production is the only alleged discovery abuse; for that matter, the only improper
conduct alleged over the course of the litigation. The record of the hearing shows that, after
reviewing the questions and original answers and objections with the court, counsel for appellant
offered as an explanation for the initial failure to sign the answers that he and his client had
difficulty communicating because she had changed shifts at work and changed her home phone
number. He offered as explanation for the late-filed verification that the original had inadvertently
remained in his files.

 At that point the court stated that it did not "buy your story." The court further
said that counsel for appellant was "playing games with the Court" and "this is the type of case
that calls for the ultimate sanctions, which is the dismissal of this suit." The court then dismissed
the cause with prejudice.

 We are very sympathetic to the pressures faced by a busy trial judge and are
mindful of the judge's right to manage his docket. Nevertheless, the record shows that the court
did not attempt to determine whether the client or the attorney was responsible for the abuse; did
not consider lesser sanctions; and did not have before it any single egregious incident or pattern
of abuse that would support a presumption that the claim lacked merit. This record does not
support the imposition of death penalty sanctions under the criteria set out in TransAmerican. We
sustain appellants point of error and hold that the trial court abused its discretion in dismissing
the cause. Accordingly, we reverse the trial-court judgment and remand for further proceedings.




Before Chief Justice Carroll, Justices Aboussie and Kidd; Justice Aboussie not participating

Reversed and Remanded

Filed: August 14, 1996

Do Not Publish