**Opinion filed April 16, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00246-CV

_____

## MIN RONG ZHENG AND FA WU MA, Appellants

## V.

## BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, L.L.C., ET AL, Appellees

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-120,041**

## O P I N I O N

This is an appeal from an order imposing death penalty sanctions for discovery-related abuses. Plaintiffs Min Rong Zheng and Fa Wu Ma brought suit against Bridgestone Firestone North American Tire, L.L.C.; Honda Motor Company, Ltd.; American Honda Motor Co., Inc.; Isuzu Motors America, Inc.; and Chui Fong Chan for damages related to a car accident. Upon a joint motion by Bridgestone, Honda, American Honda, and Isuzu, the trial court entered an order

dismissing with prejudice all of the plaintiffs' claims against all defendants.[1] We reverse and remand.

On appeal, the plaintiffs present six issues challenging the dismissal order. In the first issue, the plaintiffs assert that the trial court erred in signing an amended order without holding a hearing. In the second issue, the plaintiffs question whether the amended order is supported by a motion and evidence. In the third, fourth, fifth, and sixth issues, the plaintiffs argue that the trial court abused its discretion in dismissing the plaintiffs' claims as a discovery sanction for failing to appear at a deposition, in granting the motion to dismiss without the required certificate of conference, in ordering the death penalty, and in dismissing the plaintiffs' claims even though the notices of deposition did not comply with the Texas Rules of Civil Procedure.

With respect to the first issue, the record shows that, prior to imposing sanctions, the trial court held a hearing on the joint motion to dismiss on May 3, 2007.[2] Plaintiffs' counsel was present at the hearing and participated in the proceeding. Although the trial court initially signed an order on that day dismissing the plaintiffs' claims against Bridgestone, the trial court subsequently signed the amended order at issue in this appeal on May 14, 2007. The amended order related to the hearing that was held on May 3. There was no need to hold another hearing. The first issue is overruled.

Discovery between the parties in this case was contentious. When the discovery process is abused, a trial court may order sanctions as provided for by TEX. R. CIV. P. 215. Such sanctions are discretionary and are reviewed on appeal for an abuse of discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When imposing sanctions for discovery abuses, a trial court must look to the Texas Rules of Civil Procedure for guiding rules and principles. *Id.* at 242.

---

[1] We note that Chan did not file a motion to dismiss but that the claims against Chan were nonetheless disposed of by the trial court's sanctions. The trial court's order specifically dismissed "all Plaintiffs' claims against all Defendants" and ordered that "Plaintiffs TAKE NOTHING with this lawsuit. This Order finally disposes of all parties and all claims and is appealable." Thus, we conclude that the order is final and appealable.

[2] We note that a separate motion to compel and dismiss, which was based upon the plaintiffs' allegedly inadequate responses to discovery requests, had been filed by Bridgestone and was pending at the time of the hearing. The record from the hearing shows, however, that the May 3 hearing related only to the joint motion to dismiss and not to any other pending motions.

Rule 215.2 requires that the sanction imposed be "just." *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (applying a former, similar version of Rule 215 that also required the sanction to be "just"). The court in *TransAmerican* set forth the following standards as setting the bounds for permissible discretionary sanctions under Rule 215.

> In our view, whether an imposition of sanctions is just is measured by two standards. First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. It also means that the sanction should be visited upon the offender. The trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. This we recognize will not be an easy matter in many instances. On the one hand, a lawyer cannot shield his client from sanctions; a party must bear some responsibility for its counsel's discovery abuses when it is or should be aware of counsel's conduct and the violation of discovery rules. On the other hand, a party should not be punished for counsel's conduct in which it is not implicated apart from having entrusted to counsel its legal representation. The point is, the sanctions the trial court imposes must relate directly to the abuse found.

> Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.

*Id.* at 917. Death penalty sanctions should not be used to deny a trial on the merits unless the guilty party's conduct is so bad that it "justifies a presumption that its claims or defenses lack merit." *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996); *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 850 (Tex. 1992); *TransAmerican*, 811 S.W.2d at 918.

In reviewing an order imposing sanctions, we must independently review the entire record and are not bound by the trial court's findings of fact and conclusions of law. *Am. Flood Research*, 192 S.W.3d at 583. The record in this case shows that, prior to dismissing the plaintiffs' claims, the trial court had entered two orders compelling discovery. Neither order related to depositions. The first order required the plaintiffs to fully respond to specific interrogatories and to produce all relevant medical reports. In the second order, the trial court acted on the plaintiffs' motion to compel against Bridgestone and again ordered the plaintiffs to provide the information referenced in its first order.

In its second attempt to depose the plaintiffs, Bridgestone scheduled the depositions for March 28 and 29, 2007. The record shows that the deposition notices were served by Bridgestone's attorney upon plaintiffs' counsel on February 27, 2007, at 4:46 p.m. even though (1) plaintiffs' counsel had notified Bridgestone's attorney on February 21, 2007, that the plaintiffs would be available for deposition on April 5 and 6, 2007, and (2) in response to a conversation with the attorney for Honda, American Honda, and Isuzu regarding changing the deposition date, plaintiffs' counsel had notified Bridgestone's attorney on February 27 prior to 2:52 p.m. that the plaintiffs would be present for the deposition on April 12 and 13, 2007. In a letter attached to the notices sent later that day, Bridgestone's attorney stated that the dates given by plaintiffs' counsel were "not acceptable." On March 20, 2007, plaintiffs' counsel notified opposing counsel that "we will not be able to appear." In response, by letter dated March 20, 2007, Bridgestone's attorney denied having received the proposed April dates[3] and informed plaintiffs' counsel that he would seek sanctions if the plaintiffs failed to attend their depositions on March 28.

On March 23, plaintiffs' counsel filed a motion to quash, asserting that the date conflicted with his schedule. Because plaintiffs' counsel failed to file the motion to quash within three business days after service of the notice of depositions, the depositions were not automatically stayed. TEX. R. CIV. P. 199.4. Plaintiffs' counsel failed to obtain a hearing on the motion to quash prior to the dates scheduled for the depositions. Neither the plaintiffs nor their counsel appeared at the scheduled depositions. The record shows that plaintiffs' counsel was scheduled for trial in Harris County during the week of March 26, 2007; the scheduling order dated November 30, 2006, from a trial court in Harris County was attached to the plaintiffs' supplemental response to the defendants' motion to dismiss in this case.

At the May 3 hearing, the trial court had "difficulty reconciling" the argument of plaintiffs' counsel "with the facts" and granted the motion to dismiss. However, nothing in the record suggests that any discovery abuses were attributable to the plaintiffs themselves. The record from the May 3 hearing does not reveal that the plaintiffs were present. In fact, nothing in the record indicates that

---

[3]We note that, although Bridgestone's attorney subsequently denied being apprised of the proposed dates, the clerk's record contains fax confirmations from plaintiffs' counsel to Bridgestone's attorney regarding the proposed April dates. Furthermore, Bridgestone's attorney stated in a letter attached to the deposition notices that the dates proposed by plaintiffs' counsel were "not acceptable."

4

the plaintiffs themselves were even aware of the deposition notices or that the failure to attend was in any way their fault. Furthermore, the record does not indicate that the trial court attempted to determine whether the offensive conduct was attributable to the plaintiffs or only to plaintiffs' counsel. The trial court made no findings as to the fault of the plaintiffs, just their counsel. Under these circumstances, the death penalty sanction was not just or appropriate and constituted an abuse of discretion; the trial court should have considered lesser sanctions. *TransAmerican*, 811 S.W.2d at 917-19; *Leon's Fine Foods of Tex., Inc. v. Merit Inv. Partners, L.P.*, 160 S.W.3d 148 (Tex. App.—Eastland 2005, no pet.).

Consequently, we hold that the trial court abused its discretion in dismissing the plaintiffs' claims. The third and fifth issues are sustained. The remaining issues are not dispositive and need not be addressed. TEX. R. APP. P. 47.1.

The trial court's order dismissing the plaintiffs' claims with prejudice is reversed, and the cause is remanded for further proceedings.


JIM R. WRIGHT
CHIEF JUSTICE


April 16, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.