**Opinion filed November 3, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00368-CV

_____

## BIG COUNTRY ELECTRIC COOPERATIVE, INC., Appellant

## V.

## MARGARET LOUISE HILL, Appellee

**On Appeal from the 32nd District Court**

**Fisher County, Texas**

**Trial Court Cause No. 6042**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment entered after the trial court imposed "death penalty" sanctions for a discovery-related abuse. Plaintiff, Margaret Louise Hill, brought suit against Big Country Electric Cooperative, Inc. for damages related to a fire allegedly caused by Big Country's negligence. Big Country timely filed an answer but subsequently failed to respond to Hill's request for production. Hill filed a motion to compel and later also filed a motion for sanctions. The trial court granted Hill's motion for sanctions, struck Big Country's pleadings, and entered judgment against Big Country in the amount of $148,350 for actual damages and $3,000 for attorney's fees, plus interest and court costs. We reverse and remand.

On appeal, Big Country presents four issues challenging the sanctions and the judgment. In the first issue, Big Country contends that the trial court abused its discretion in entering death penalty sanctions because there was no evidence that the sanctionable conduct was attributable to Big Country, because no lesser sanctions were considered, and because counsel for Big Country was not aware of the problem until after the sanctions order was signed. In the second and third issues, Big Country argues that the trial court abused its discretion in denying Big Country's motion for new trial. In the fourth issue, Big Country challenges the legal and factual sufficiency of the evidence supporting the amount of damages.

When the discovery process is abused, a trial court may order sanctions as provided for by TEX. R. CIV. P. 215. Such sanctions are discretionary and are reviewed on appeal for an abuse of discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When imposing sanctions for discovery abuses, a trial court must look to the Texas Rules of Civil Procedure for guiding rules and principles. *Id.* at 242.

Rule 215.2 requires that the sanction imposed be "just." *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (applying a former, similar version of Rule 215 that also required the sanction to be "just"). The court in *TransAmerican* set forth the following standards as setting the bounds for permissible discretionary sanctions under Rule 215:

> In our view, whether an imposition of sanctions is just is measured by two standards. First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. It also means that the sanction should be visited upon the offender. The trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. This we recognize will not be an easy matter in many instances. On the one hand, a lawyer cannot shield his client from sanctions; a party must bear some responsibility for its counsel's discovery abuses when it is or should be aware of counsel's conduct and the violation of discovery rules. On the other hand, a party should not be punished for counsel's conduct in which it is not implicated apart from having entrusted to counsel its legal representation. The point is, the sanctions the trial court imposes must relate directly to the abuse found.

2

Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.

*Id.* at 917. Death penalty sanctions should not be used to deny a trial on the merits unless the guilty party's conduct is so bad that it "justifies a presumption that its claims or defenses lack merit." *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996); *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 850 (Tex. 1992); *TransAmerican*, 811 S.W.2d at 918.

In reviewing an order imposing sanctions, we must independently review the entire record and are not bound by the trial court's findings of fact and conclusions of law. *Am. Flood Research*, 192 S.W.3d at 583. The record in this case shows the following sequence of events. Hill filed the petition on August 4, 2008. Big Country timely filed an answer on August 13, 2008. On March 18, 2009, after seven months with no apparent activity in this case, Hill sent a request for production of documents via certified mail to Big Country's attorney of record, Robin M. Green, at his firm's address.[1] After receiving no response to the request for production, Hill sent two letters to Green and also attempted to reach Green by phone at his office number. Hill ultimately filed a motion to compel on August 6, 2009, which was sent to Green via certified mail. Hill notified Green by letter that a hearing was set on the motion to compel. Hill also attempted to reach Green by phone but, again, was unable to get "past [Green's] secretary." The trial court held the hearing as scheduled on September 21, 2009. After Big Country and Green failed to file a response or appear at the hearing, the trial court granted Hill's motion to compel and ordered Big Country to pay attorney's fees of $1000 and to respond to the request for production by October 25, 2009. On October 29, 2009, Hill filed a motion for sanctions because Big Country still had not responded to the request for production or paid $1,000 as ordered by the trial court. Again, Hill sent the motion for sanctions to Green via certified mail. No response to the motion for sanctions was filed. On November 18, 2009, the trial court held a hearing, granted Hill's motion for sanctions, struck Big Country's answer, determined that Big Country was wholly in

---

[1]We note that Hill was represented by attorney H. Alan Carmichael. For simplicity in this opinion, we refer to actions actually performed by Carmichael, such as sending notices to opposing counsel, as having been performed by "Hill."

default, called the case for trial, and entered judgment against Big Country. Neither Big Country nor Green were present at the November 18 proceedings.

Big Country and Green each received notice of the judgment on December 21, 2009, as a result of phone calls made by Hill. Big Country learned of the judgment when Hill contacted Big Country directly in an effort to collect on the judgment. Big Country subsequently filed a motion to vacate the judgment and grant a new trial, which the trial court denied. Although Green may have had no personal knowledge of the discovery, the motion or order to compel, the motion for sanctions, the sanctions hearing, or the judgment until December 21, Green's legal assistant apparently did. Green had delegated to his legal assistant the responsibilities of answering phone calls, opening mail, relaying messages and mail, and calendaring deadlines. Green's legal assistant was on vacation on December 21 and did not thereafter return to work or answer phone calls made by Green. The record does not contain any explanation from Green's legal assistant, but Green testified that he was stunned by the actions of his legal assistant, that this case was not the only matter that was mishandled by his assistant, and that he was not aware that any matter had been mishandled until December 21. The trial court found that Green's legal assistant deliberately and intentionally withheld documents and interfered with this case. The trial court concluded that Green was professionally responsible for the actions of his legal assistant.

Though Green may be responsible for the conduct of his legal assistant, Big Country is not. The Texas Supreme Court has determined that, since sanctions should be imposed upon the offender, a trial court must attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. *TransAmerican*, 811 S.W.2d at 917. There is no evidence that any discovery abuse was attributable to Big Country itself. Nothing in the record indicates that Big Country was aware of the discovery request or that the failure to produce the requested documents was in any way Big Country's fault. Furthermore, the record from the sanctions hearing does not indicate that the trial court attempted to determine whether the offensive conduct was attributable to Big Country or only to Green. The trial court later learned of the actions of Green's legal assistant when Big Country filed a motion to vacate the judgment and grant a new trial.

The circumstances presented by this case are unusual, and we cannot fault Hill, who made repeated attempts to contact Green, or the trial court, which was put in the position of determining

4

sanctions without any response or appearance from the party to be sanctioned or from that party's attorney. However, because there is nothing in the record indicating that Big Country was aware of or responsible for the sanctionable conduct, the imposition of death penalty sanctions against Big Country was not just or appropriate and constituted an abuse of discretion. *See TransAmerican*, 811 S.W.2d at 917–19; *Zheng v. Bridgestone Firestone N. Am. Tire, L.L.C.*, 284 S.W.3d 890 (Tex. App.—Eastland 2009, no pet.); *Leon's Fine Foods of Tex., Inc. v. Merit Inv. Partners, L.P.*, 160 S.W.3d 148 (Tex. App.—Eastland 2005, no pet.); *see also Hamill*, 917 S.W.2d at 16. Consequently, we hold that the trial court abused its discretion in striking Big Country's pleadings and entering the resulting judgment. The first issue is sustained. Because the first issue is dispositive of this appeal, we do not reach the remaining issues. TEX. R. APP. P. 47.1.

The trial court's November 18, 2009 order imposing sanctions and the judgment entered by the trial court on the same date are reversed, and the cause is remanded for further proceedings.


JIM R. WRIGHT

CHIEF JUSTICE


November 3, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

5