Opinion filed November 3,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                  __________

 

                                                         No. 11-09-00368-CV 

                                                    __________

 

         BIG COUNTRY
ELECTRIC COOPERATIVE, INC., Appellant

 

                                                             V.

 

                              MARGARET
LOUISE HILL, Appellee

 



                                            On
Appeal from the 32nd District Court

                                                            Fisher
County, Texas

                                                       Trial
Court Cause No. 6042



                                           M
E M O R A N D U M   O P I N I O N








This is an appeal from a judgment entered
after the trial court imposed “death penalty” sanctions for a discovery-related
abuse.  Plaintiff, Margaret Louise Hill, brought suit against Big Country
Electric Cooperative, Inc. for damages related to a fire allegedly caused by
Big Country’s negligence.  Big Country timely filed an answer but subsequently
failed to respond to Hill’s request for production.  Hill filed a motion to
compel and later also filed a motion for sanctions. The trial court granted
Hill’s motion for sanctions, struck Big Country’s pleadings, and entered
judgment against Big Country in the amount of $148,350 for actual damages and
$3,000 for attorney’s fees, plus interest and court costs.  We reverse and
remand. 

On appeal, Big Country presents four issues
challenging the sanctions and the judgment.  In the first issue, Big Country
contends that the trial court abused its discretion in entering death penalty
sanctions because there was no evidence that the sanctionable conduct was
attributable to Big Country, because no lesser sanctions were considered, and
because counsel for Big Country was not aware of the problem until after the
sanctions order was signed.  In the second and third issues, Big Country argues
that the trial court abused its discretion in denying Big Country’s motion for
new trial.  In the fourth issue, Big Country challenges the legal and factual
sufficiency of the evidence supporting the amount of damages. 








When the discovery process is abused, a
trial court may order sanctions as provided for by Tex. R. Civ. P. 215.  Such sanctions are discretionary and
are reviewed on appeal for an abuse of discretion.  Am. Flood Research, Inc.
v. Jones, 192 S.W.3d 581, 583 (Tex. 2006).  A trial court abuses its
discretion when it acts without reference to any guiding rules and principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985). 
When imposing sanctions for discovery abuses, a trial court must look to the
Texas Rules of Civil Procedure for guiding rules and principles.  Id. at
242. 

Rule 215.2 requires that the sanction
imposed be “just.”  See TransAmerican Natural Gas Corp. v. Powell, 811
S.W.2d 913, 917 (Tex. 1991) (applying a former, similar version of Rule 215
that also required the sanction to be “just”).  The court in TransAmerican
set forth the following standards as setting the bounds for permissible
discretionary sanctions under Rule 215: 

In our view, whether an imposition of sanctions is just is
measured by two standards.  First, a direct relationship must exist between the
offensive conduct and the sanction imposed.  This means that a just sanction
must be directed against the abuse and toward remedying the prejudice caused
the innocent party.  It also means that the sanction should be visited upon the
offender.  The trial court must at least attempt to determine whether the
offensive conduct is attributable to counsel only, or to the party only, or to
both.  This we recognize will not be an easy matter in many instances.  On the
one hand, a lawyer cannot shield his client from sanctions; a party must bear
some responsibility for its counsel’s discovery abuses when it is or should be
aware of counsel’s conduct and the violation of discovery rules.  On the other
hand, a party should not be punished for counsel’s conduct in which it is not
implicated apart from having entrusted to counsel its legal representation. 
The point is, the sanctions the trial court imposes must relate directly to the
abuse found.

 

Second, just sanctions must not be excessive.  The punishment
should fit the crime.  A sanction imposed for discovery abuse should be no more
severe than necessary to satisfy its legitimate purposes.  It follows that
courts must consider the availability of less stringent sanctions and whether
such lesser sanctions would fully promote compliance.

 

Id. at 917.  Death penalty sanctions should not be
used to deny a trial on the merits unless the guilty party’s conduct is so bad
that it “justifies a presumption that its claims or defenses lack merit.”  Hamill
v. Level, 917 S.W.2d 15, 16 (Tex. 1996); Chrysler Corp. v. Blackmon,
841 S.W.2d 844, 850 (Tex. 1992); TransAmerican, 811 S.W.2d at 918.  








In reviewing an order imposing sanctions, we
must independently review the entire record and are not bound by the trial
court’s findings of fact and conclusions of law.  Am. Flood Research,
192 S.W.3d at 583.  The record in this case shows the following sequence of
events.  Hill filed the petition on August 4, 2008.  Big Country timely filed
an answer on August 13, 2008. On March 18, 2009, after seven months with no
apparent activity in this case, Hill sent a request for production of documents
via certified mail to Big Country’s attorney of record, Robin M. Green, at his
firm’s address.[1] 
After receiving no response to the request for production, Hill sent two letters
to Green and also attempted to reach Green by phone at his office number.  Hill
ultimately filed a motion to compel on August 6, 2009, which was sent to Green
via certified mail. Hill notified Green by letter that a hearing was set on the
motion to compel.  Hill also attempted to reach Green by phone but, again, was
unable to get “past [Green’s] secretary.”  The trial court held the hearing as
scheduled on September 21, 2009.  After Big Country and Green failed to file a
response or appear at the hearing, the trial court granted Hill’s motion to
compel and ordered Big Country to pay attorney’s fees of $1000 and to respond
to the request for production by October 25, 2009.  On October 29, 2009,
Hill filed a motion for sanctions because Big Country still had not responded
to the request for production or paid $1,000 as ordered by the trial court.  Again,
Hill sent the motion for sanctions to Green via certified mail.  No response to
the motion for sanctions was filed.  On November 18, 2009, the trial court held
a hearing, granted Hill’s motion for sanctions, struck Big Country’s answer, determined
that Big Country was wholly in default, called the case for trial, and entered
judgment against Big Country.  Neither Big Country nor Green were present at the
November 18 proceedings.

Big Country and Green each received notice
of the judgment on December 21, 2009, as a result of phone calls made by Hill. 
Big Country learned of the judgment when Hill contacted Big Country directly in
an effort to collect on the judgment.  Big Country subsequently filed a motion
to vacate the judgment and grant a new trial, which the trial court denied.  Although
Green may have had no personal knowledge of the discovery, the motion or order
to compel, the motion for sanctions, the sanctions hearing, or the judgment
until December 21, Green’s legal assistant apparently did.  Green had delegated
to his legal assistant the responsibilities of answering phone calls, opening
mail, relaying messages and mail, and calendaring deadlines.  Green’s legal
assistant was on vacation on December 21 and did not thereafter return to work or
answer phone calls made by Green.  The record does not contain any explanation
from Green’s legal assistant, but Green testified that he was stunned by the
actions of his legal assistant, that this case was not the only matter that was
mishandled by his assistant, and that he was not aware that any matter had been
mishandled until December 21.  The trial court found that Green’s legal
assistant deliberately and intentionally withheld documents and interfered with
this case.  The trial court concluded that Green was professionally responsible
for the actions of his legal assistant. 

Though Green may be responsible for the
conduct of his legal assistant, Big Country is not.  The Texas Supreme Court
has determined that, since sanctions should be imposed upon the offender, a
trial court must attempt to determine whether the offensive conduct is
attributable to counsel only, or to the party only, or to both.  TransAmerican,
811 S.W.2d at 917.  There is no evidence that any discovery abuse was
attributable to Big Country itself.  Nothing in the record indicates that Big
Country was aware of the discovery request or that the failure to produce the
requested documents was in any way Big Country’s fault.  Furthermore, the
record from the sanctions hearing does not indicate that the trial court attempted
to determine whether the offensive conduct was attributable to Big Country or
only to Green.  The trial court later learned of the actions of Green’s legal
assistant when Big Country filed a motion to vacate the judgment and grant a
new trial.  

The circumstances presented by this case are
unusual, and we cannot fault Hill, who made repeated attempts to contact Green,
or the trial court, which was put in the position of determining sanctions
without any response or appearance from the party to be sanctioned or from that
party’s attorney.  However, because there is nothing in the record indicating
that Big Country was aware of or responsible for the sanctionable conduct, the
imposition of death penalty sanctions against Big Country was not just or appropriate
and constituted an abuse of discretion. See TransAmerican, 811 S.W.2d at
917–19; Zheng v. Bridgestone Firestone N. Am. Tire, L.L.C., 284 S.W.3d
890 (Tex. App.—Eastland 2009, no pet.); Leon’s Fine Foods of Tex., Inc. v.
Merit Inv. Partners, L.P., 160 S.W.3d 148 (Tex. App.—Eastland 2005, no
pet.); see also Hamill, 917 S.W.2d at 16.  Consequently, we hold that
the trial court abused its discretion in striking Big Country’s pleadings and
entering the resulting judgment.  The first issue is sustained.  Because the
first issue is dispositive of this appeal, we do not reach the remaining issues. 
Tex. R. App. P. 47.1. 

The trial court’s November 18, 2009 order
imposing sanctions and the judgment entered by the trial court on the same date
are reversed, and the cause is remanded for further proceedings.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 3, 2011

Panel
consists of:  Wright, C.J.,

McCall,
J., and Hill, J.[2]

 









[1]We note that Hill was represented by attorney H. Alan
Carmichael.  For simplicity in this opinion, we refer to actions actually
performed by Carmichael, such as sending notices to opposing counsel, as having
been performed by “Hill.” 





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.