**Richard HAMILL, Petitioner,**

v.

**Julie Ann LEVEL, Respondent.**

No. 95–0783.

Supreme Court of Texas.

Feb. 9, 1996.

Timothy E. Malone, Fort Worth, for Petitioner.

Vince Cruz, Jr., Fort Worth, for Respondent.

PER CURIAM.

At issue in this case is whether the trial court properly dismissed the plaintiff's claims with prejudice for failing to comply with the defendant's discovery requests. The court of appeals affirmed the dismissal. 900 S.W.2d 457. Because the imposition of a "death penalty" sanction in this case is excessive, we reverse the judgment of the court of appeals and remand this case to the trial court for further proceedings consistent with this opinion.

Richard Hamill and Julie Ann Level were involved in an automobile accident on May 14, 1991. On November 24, 1992, Hamill sued Level for negligence, and after a delayed service of process, Level filed an answer and served Hamill with a set of interrogatories and requests for production in early August 1993. Hamill did not timely respond, and on October 19, 1993, Level reminded him by mail that his responses were overdue.

Still having received no response, Level then filed a motion to compel and set a hearing for December 13, 1993. On the day the hearing was scheduled, Hamill proposed to serve his answers to the requested discovery on or before January 14, 1994, and offered to pay $200 to Level for the necessity of filing the motion. Level accepted this offer, and the hearing was cancelled. On December 21, 1993, both parties attended a hearing on the Court's Notice of Intent to Dismiss the case. The parties advised the court of their agreement to the January 14th extension, and the court removed the case from the dismissal docket.

After the January 14th deadline passed without any response or tender of the $200 from Hamill, Level filed a motion to dismiss, which was set for hearing on May 2, 1994.

Although Hamill served his responses to the discovery requests on Level just before the hearing, the trial court nevertheless granted Level's motion and dismissed Hamill's claims with prejudice. For the reasons stated below we hold that the trial court abused its discretion by imposing death penalty sanctions prematurely.

In *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913 (Tex.1991), we held that discovery sanctions must be measured by two overarching standards: "First, a direct relationship must exist between the offensive conduct and the sanction imposed.... Second, just sanctions must not be excessive.... A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purpose." *TransAmerican,* 811 S.W.2d at 917. Imposition of a death penalty sanction is of particular concern because a court thereby renders judgment without regard to the merits of the case. As we noted in *TransAmerican,* " '[t]here are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.' " *Id.* at 918 (quoting *Societe Internationale v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958)). In light of these concerns, the court may not use death penalty sanctions to deny a litigant a decision on the merits of the case unless the court finds that the sanctioned party's conduct "justifies a presumption that its claims or defenses lack merit." *Id.*

Here, the sanction of dismissal with prejudice conflicts with *TransAmerican* and its progeny because the sanction imposed in this case is more severe than necessary to satisfy its legitimate purpose and the sanctioned conduct does not justify the presumption that Hamill's claims are meritless.[1]

Accordingly, pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, the Court grants Hamill's application for writ of error, reverses the

---

1. We also specifically disapprove the court of appeals' conclusion that *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844 (Tex.1992), is an anomaly to the extent that it holds that, as a general rule, lesser sanctions must be tested before death penalty sanctions may be imposed. *See* 900 S.W.2d at 461 n. 3.

judgment of the court of appeals, and remands the cause to the trial court for further proceedings consistent with this opinion.