Reversed and Remanded and Memorandum Opinion filed May 22, 2003









Reversed
and Remanded and Memorandum Opinion filed May 22, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00843-CV

____________

 

RODOLFO MENDEZ, M.D., Appellant

 

V.

 

SWEENY COMMUNITY HOSPITAL, Appellee

 



 

On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 9617*JG99-1

 



 

M E M O R A N D U M   O
P I N I O N

Rodolfo Mendez, M.D. appeals the trial court=s sanctions for discovery abuse
resulting in the striking of his counterclaims against Sweeny Community
Hospital.  We reverse and remand.  

                                                             I. 
Background








Mendez and the hospital entered into
a contract under which Mendez would establish his medical practice in Sweeny,
Texas for a period of 24 months beginning in September 1996, and, in exchange,
the hospital would subsidize Mendez= practice, insuring that he would
earn $16,666 in monthly income.  On
September 24, 1999, the hospital sued Mendez for breach of contract for failure
to repay subsidy advances as required in the event of termination of the
contract prior to the end of the 24 month period.  On November 1, 1999, Mendez filed
counterclaims against the hospital for breach of warranty, breach of contract,
and defamation. 

On May 10, 2000, Mendez= counsel, James Rice, filed a motion
to withdraw because Mendez refused to pay Rice. 
On June 5, 2000, the trial court signed the order permitting Rice to
withdraw as Mendez= counsel.  Failing to
hire other counsel, Mendez proceeded pro se.  

On January 18, 2002, the hospital filed a motion to strike
Mendez= pleadings, for sanctions, and to
compel, complaining of Mendez= failure to respond to discovery, including:  (1) failure to appear for deposition until
after a certificate of non-appearance had been taken and counsel for the
hospital and the court reporter had left the deposition site; (2) failure to
properly respond to a request for disclosures sent to him on April 19, 2001;
(3) failure to respond to a request for production sent to him on May 4, 2001;
and (4) failure to properly respond to a request for admissions sent to him on
July 6, 2001.  

According to the docket sheet, the trial court held a hearing
on the hospital=s motion on February 25, 2002, but did not rule on the
motion.  Docket sheet entries indicate
the trial court advised Mendez to retain an attorney, ordered that Mendez= deposition be set for no later than
March 28, 2002, and ordered Mendez to respond to the disclosure and production
requests by 5:00 p.m. on March 15, 2002, with any confidential documents to be
submitted to the trial court for in camera review.  








On April 3, 2002, the hospital filed a second motion to
strike pleadings and for sanctions because Mendez had not complied with the
trial court=s oral order issued during the
February 25, 2002 hearing.  The hospital
complained Mendez had not produced any documents or properly responded to the
request for disclosure, and although he appeared for his deposition, Mendez
refused to answer any substantive questions relating to either the case or his
claims.  

On April 23, 2002, the trial court held a hearing on the
hospital=s motion.  At the hearing, Mendez informed the trial
court that he had not retained a lawyer and wanted to continue to represent
himself.  Mendez explained he had not
produced the documents because they were confidential.  The trial court, however, reminded Mendez
that if the documents were confidential, he could have submitted them to the
court for in camera review, but failed to do so.  The trial court granted the hospital=s motion, striking Mendez= counterclaims and assessing
sanctions of $300 against him.  The trial
court, however, further advised Mendez that it would consider setting aside the
order striking his counterclaims if he retained an attorney, who then filed
answers to the request for disclosures, submitted to the hospital the documents
in response to its request for production, and paid the $300 sanction within 30
days.[1]









On June 24, 2002, the trial court signed the order granting
the hospital=s motion for sanctions, dismissing
Mendez’ counterclaims, and striking Mendez= pleadings to the extent they state
any cause of action (without affecting any affirmative defenses).  Also, on June 24, 2002, James Rivera appeared
as counsel for Mendez, and filed a motion for continuance, which the trial
court denied on July 9, 2002.  On July
10, 2002, the hospital filed a motion to sever Mendez= causes of action and to enter a
final judgment.  On July 16, 2002, Mendez
filed a motion for reconsideration stating that he had hired an attorney and
had complied with the trial court=s order to respond to all discovery
requests.  On July 22, 2002, the trial
court severed Mendez’ counterclaims and entered a final judgment from which
Mendez brings this appeal.

                                   II. 
Standard for Imposing Sanctions

The legitimate purposes of discovery sanctions are threefold:
(1) to secure compliance with discovery rules, (2) to deter other litigants
from similar misconduct, and (3) to punish violators.  Chrysler Corp. v. Blackmon, 841 S.W.2d
844, 849 (Tex. 1992) (orig. proceeding). 
Any sanction imposed under Rule 215.2(b) must be “just.”  Tex.
R. Civ. P. 215.2(b); Spohn
Hosp. v. Mayer, 46 Tex. Sup. Ct. J. 604, 2003 WL 1923002, at *3 (Tex. Apr.
24, 2003).  For the imposition of
sanctions to be “just,” a direct relationship must first exist between the
offensive conduct and the sanction imposed. 
TransAmerican Natural Gas v. Powell, 811 S.W.2d 913, 917 (Tex.
1991).  In other words, a just sanction
must be directed against the abuse and toward remedying the prejudice caused to
the innocent party.  Id.  Second, a just sanction must not be
excessive; it should be no more severe than necessary to satisfy its legitimate
purposes.  Id.  To achieve this end, the trial court must
first consider the availability of less stringent sanctions to determine
whether lesser sanctions will fully promote compliance, deterrence, and
discourage further abuse.  Chrysler
Corp., 841 S.W.2d at 849. 








A death penalty sanction is “of particular concern” because
the trial court renders judgment without addressing the merits of the
case.  Hamill v. Level, 917 S.W.2d
15, 16 (Tex. 1996) (orig. proceeding). 
Because of constitutional limitations on the power of courts to dismiss
an action without affording a party the opportunity a hearing on his cause of
action, discovery sanctions cannot be used to deny a party a decision on the
merits unless the trial court finds the sanctioned party=s conduct justifies the presumption
that his claims or defenses lack merit.  Hamill,
917 S.W.2d at 16; TransAmerican Natural Gas, 811 S.W.3d at 918.  Thus, if a party refuses to produce material
evidence, even with the imposition of the lesser sanction, the trial court “may
presume that an asserted claim or defense lacks merit and dispose of it.”  TransAmerican Natural Gas, 811 S.W.2d
at 918.  The record must reflect that the
trial court considered the availability of lesser sanctions.  GTE Communications Sys. Corp. v. Tanner,
856 S.W.2d 725, 729 (Tex. 1993) (orig. proceeding).  The Supreme Court has emphasized that “[c]ase determinative sanctions may be imposed in the first
instance only in exceptional cases when they are clearly justified and it is
fully apparent that no lesser sanctions would promote compliance with the
rules.”  Spohn Hosp., 2003 WL
1923002, at *4 (quoting GTE Communication Sys. Corp., 859 S.W.2d at
729).  

The imposition of sanctions for discovery abuse is left to
the sound discretion of the trial court. 
TransAmerican Natural Gas, 811 S.W.2d at 917.  A trial court abuses its discretion when its
ruling is arbitrary, unreasonable, or without reference to any guiding rules or
legal principles.  K-Mart Corp. v.
Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000). 









Mendez complains the trial court failed to utilize a lesser
sanction before striking his pleadings for discovery abuse.  We agree. 
First, the trial court=s order to compel issued during the February 25, 2002 hearing
was not a lesser sanction under rule 
215.  Williams v. Akzo Nobel
Chems., Inc., 999 S.W.2d 836, 844 (Tex. App.CTyler 1999, no pet.); Westfall
Family Farms, Inc. v. King Ranch, Inc., 852 S.W.2d 587, 592 (Tex. App.CDallas 1993, writ denied).  Second, because the $300 monetary sanction
was imposed simultaneously with the striking of Mendez= counterclaims, the $300 sanction
cannot constitute a prior lesser sanction. 
Third, providing Mendez with an opportunity to remedy the situation by
retaining counsel and completely responding to the discovery does not meet the
requirement of a lesser sanction.[2]  The trial court was required to impose a
lesser sanction, such as the $300 assessment. 
There has been no showing that the complained of conduct rises to the
level of an exceptional case in which a death penalty sanction imposed in the
first instance is justified and it is evident a lesser sanction would not
promote compliance.  See Spohn Hosp.,
2003 WL 1923002, at *4.  

We conclude the trial court abused its discretion in striking
Mendez’ counterclaims prior to imposing a lesser sanction.  Accordingly, we reverse the judgment and
remand the case to the trial court.  

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion/Opinion filed May 22, 2003.

Panel consists of
Justices Hudson, Edelman, and Draughn.*











[1]  The trial
court stated with regard to its conditions for setting aside its order:

Here is
what we=re going to do. 
I may consider setting this order aside, provided you get an attorney
and that attorney comes up and, within 30 days, has filed all those request[s]
for disclosures and fully answered them and has submitted to counsel all of the
responses to the production requests, and I mean thoroughly.  No in camera stuff.  That=s the
only way.  Plus the fact that you are
going to have to pay $300 to counsel for the defendant within 30 days.  If that=s not
done, the monkey is on your back and your lawyer=s back
to come forward.  It=s not on mine or theirs.  So the sanctions are granted.  The pleadings on slander are struck.  You have got one shot to get them reinstated
if there is a motion filed and set on the next docket by an attorney, that I
hear, and I think there=s good cause, and he produces at that time responses
to the production requests and the requests for disclosure and pays the
$300.  





[2]  Although not
raised on appeal, we observe that a litigant has the right to represent
himself.  Tex. R. Civ. P.
7; Ex parte Shaffer, 649 S.W.2d 300, 302 (Tex. 1983).  Ordering a party to be represented by an
attorney abridges that right.  Shaffer,
649 S.W.2d at 302.  





*  Senior Justice
Joe L. Draughn sitting by assignment.