In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-289 CV


____________________



IN RE COMMITMENT OF DONALD LARKIN






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 02-10-06874-CV






O P I N I O N


 Pursuant to Title 11, Chapter 841 of the Health and Safety Code (the SVP statute),
the State of Texas filed a petition to civilly commit Donald Larkin as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-841.50 (Vernon 2003 &
Supp. 2004). The trial court found that Larkin suffers from a behavioral abnormality that
makes him likely to engage in a predatory act of sexual violence and entered a final
judgment and order of civil commitment. Larkin appeals presenting six issues.

 In his first issue, Larkin argues the SVP statute is unconstitutional because it is
punitive in nature and violates basic constitutional safeguards. As recognized in Larkin's
brief, this court has repeatedly held the SVP statute is not punitive. See In re Commitment
of Morales, 98 S.W.3d 288 (Tex. App.--Beaumont 2002, pet. denied); In re Commitment
of Mullens, 92 S.W.3d 881(Tex. App.--Beaumont 2003, pet. denied); and Beasley v.
Molett, 95 S.W.3d 590 (Tex. App.--Beaumont 2002, pet. denied), and the Texas Supreme
Court has not written on this issue. (1) Issue one is overruled.

 Issue two claims that requiring Larkin to submit to polygraph examinations violates
the Fifth Amendment privilege against self-incrimination. See U.S. Const. amend. V. 
As conceded by Larkin, we have previously decided this issue adversely to him and discern
no reason to revisit our decision. See Beasley, 95 S.W.3d at 609-10; Mullens, 92 S.W.3d
at 888. Issue two is overruled.

 Larkin's third issue contends the SVP statute is unconstitutionally vague and violates
the separation of powers doctrine. As admitted in Larkin's brief, this court has held
otherwise. See Morales, 98 S.W.3d at 291; Mullens, 92 S.W.3d at 887-88. The Texas
Supreme Court has not written on this issue. Issue three is overruled.


 In issue four, Larkin challenges the trial court's decision to strike his pleadings and
order he be civilly committed via a default judgment. The State moved for Rule 215.2
sanctions and requested the trial court strike Larkin's pleadings and prohibit him from
presenting any evidence. See Tex. R. Civ. P. 215.2. However, on appeal the State
ostensibly concedes error when it asserts "[t]he State has limited opposition to issue four. 
Consequently, issues five and six are moot." (2) The State offers no argument or authority
in support of the trial court's action.

 In accordance with TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913,
917-18 (Tex. 1991) (orig. proceeding), there must be a direct relationship between the
offensive conduct and the sanction imposed, and the sanctions must not be excessive. To
avoid being excessive, a trial court must first test the effectiveness of lesser sanctions
before entering death penalty sanctions. See In re Polaris Indus., Inc., 65 S.W.3d 746,
751 (Tex. App.--Beaumont 2001, orig. proceeding). Additionally, constitutional due
process precludes imposing sanctions that determine the merits of a case unless the
discovery abuse justifies a legal presumption that the disobedient party's claims or defenses
lack merit. Id.


 We find no basis to justify a legal presumption of lack of merit of Larkin's defense. 
We further find no evidence of prejudice caused the petitioner that cannot be or has not
been remedied. Also, we are unaware of any effort by the trial court to first test lesser
sanctions. See id. at 751-52 (citing Hamill v. Level, 917 S.W.2d 15, 16 (Tex. 1996);
TransAmerican, 811 S.W.2d at 918; and Chrysler Corp. v. Blackmon, 841 S.W.2d 844,
849-50 (Tex. 1992)). Accordingly, we find the requirements for imposing death penalty
sanctions were not present. Issue four is sustained. 

 We therefore do not address issues five and six. The judgment of the trial court is
reversed and the cause remanded for further proceedings consistent with this opinion.

 REVERSED AND REMANDED.



 _________________________________

 DON BURGESS

 Justice


Submitted on February 11, 2004

Opinion Delivered February 19, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. However, since the writing of Larkin's brief, the Texas Supreme Court has denied
petition on these cases.
2. Issues five and six similarly challenge the correctness of the trial court's action.