Opinion filed April 16, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 16,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00246-CV 

                                                    __________

 

                       MIN RONG ZHENG AND FA WU MA, Appellants

 

                                                             V.

 

    BRIDGESTONE FIRESTONE
NORTH AMERICAN TIRE, L.L.C., ET AL,

                                                       Appellees

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector
County, Texas

 

                                                Trial
Court Cause No. D-120,041

 



 

                                                                   O
P I N I O N

 








This
is an appeal from an order imposing death penalty sanctions for
discovery-related abuses.  Plaintiffs Min Rong Zheng and Fa Wu Ma brought suit
against Bridgestone Firestone North American Tire, L.L.C.; Honda Motor Company,
Ltd.; American Honda Motor Co., Inc.; Isuzu Motors America, Inc.; and Chui Fong
Chan for damages related to a car accident.  Upon a joint motion by
Bridgestone, Honda, American Honda, and Isuzu, the trial court entered an order
dismissing with prejudice all of the plaintiffs=
claims against all defendants.[1]  We reverse
and remand. 

On
appeal, the plaintiffs present six issues challenging the dismissal order.  In
the first issue, the plaintiffs assert that the trial court erred in signing an
amended order without holding a hearing.  In the second issue, the plaintiffs
question whether the amended order is supported by a motion and evidence.  In
the third, fourth, fifth, and sixth issues, the plaintiffs argue that the trial
court abused its discretion in dismissing the plaintiffs= claims as a discovery sanction for failing to
appear at a deposition, in granting the motion to dismiss without the required
certificate of conference, in ordering the death penalty, and in dismissing the
plaintiffs= claims
even though the notices of deposition did not comply with the Texas Rules of
Civil Procedure.  

With
respect to the first issue, the record shows that, prior to imposing sanctions,
the trial court held a hearing on the joint motion to dismiss on May 3, 2007.[2] 
Plaintiffs= counsel
was present at the hearing and participated in the proceeding.  Although the
trial court initially signed an order on that day dismissing the plaintiffs= claims against
Bridgestone, the trial court subsequently signed the amended order at issue in
this appeal on May 14, 2007.  The amended order related to the hearing that was
held on May 3.  There was no need to hold another hearing.  The first issue is
overruled.

Discovery
between the parties in this case was contentious.  When the discovery process
is abused, a trial court may order sanctions as provided for by Tex. R. Civ. P. 215.  Such sanctions
are discretionary and are reviewed on appeal for an abuse of discretion.  Am.
Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006).  A trial
court abuses its discretion when it acts without reference to any guiding rules
and principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985).  When imposing sanctions for discovery abuses, a trial
court must look to the Texas Rules of Civil Procedure for guiding rules and
principles.  Id. at 242.








Rule
215.2 requires that the sanction imposed be Ajust.@  See TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991) (applying a
former, similar version of Rule 215 that also required the sanction to be Ajust@).  The court in TransAmerican set
forth the following standards as setting the bounds for permissible
discretionary sanctions under Rule 215.

In
our view, whether an imposition of sanctions is just is measured by two
standards.  First, a direct relationship must exist between the offensive
conduct and the sanction imposed.  This means that a just sanction must be
directed against the abuse and toward remedying the prejudice caused the
innocent party.  It also means that the sanction should be visited upon the
offender.  The trial court must at least attempt to determine whether the
offensive conduct is attributable to counsel only, or to the party only, or to
both.  This we recognize will not be an easy matter in many instances.  On the
one hand, a lawyer cannot shield his client from sanctions;  a party must bear
some responsibility for its counsel=s
discovery abuses when it is or should be aware of counsel=s conduct and the violation
of discovery rules.  On the other hand, a party should not be punished for
counsel=s conduct in
which it is not implicated apart from having entrusted to counsel its legal
representation.  The point is, the sanctions the trial court imposes must
relate directly to the abuse found.

 

Second, just sanctions must not be excessive.  The punishment
should fit the crime.  A sanction imposed for discovery abuse should be no more
severe than necessary to satisfy its legitimate purposes.  It follows that
courts must consider the availability of less stringent sanctions and whether
such lesser sanctions would fully promote compliance.

Id. at
917.  Death penalty sanctions should not be used to deny a trial on the merits
unless the guilty party=s
conduct is so bad that it Ajustifies
a presumption that its claims or defenses lack merit.@  Hamill v. Level, 917 S.W.2d 15, 16
(Tex. 1996); Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 850 (Tex.
1992); TransAmerican, 811 S.W.2d at 918.  

In
reviewing an order imposing sanctions, we must independently review the entire
record and are not bound by the trial court=s
findings of fact and conclusions of law.  Am. Flood Research, 192 S.W.3d
at 583.  The record in this case shows that, prior to dismissing the plaintiffs= claims, the trial court
had entered two orders compelling discovery.  Neither order related to
depositions.  The first order required the plaintiffs to fully respond to
specific interrogatories and to produce all relevant medical reports.  In the
second order, the trial court acted on the plaintiffs= motion to compel against Bridgestone and
again ordered the plaintiffs to provide the information referenced in its first
order.








In
its second attempt to depose the plaintiffs, Bridgestone scheduled the
depositions for March 28 and 29, 2007.  The record shows that the deposition
notices were served by Bridgestone=s
attorney upon plaintiffs=
counsel on February 27, 2007, at 4:46 p.m. even though (1) plaintiffs= counsel had notified
Bridgestone=s attorney
on February 21, 2007, that the plaintiffs would be available for deposition on
April 5 and 6, 2007, and (2) in response to a conversation with the attorney
for Honda, American Honda, and Isuzu regarding changing the deposition date,
plaintiffs= counsel
had notified Bridgestone=s
attorney on February 27 prior to 2:52 p.m. that the plaintiffs would be present
for the deposition on April 12 and 13, 2007.  In a letter attached to the
notices sent later that day, Bridgestone=s
attorney stated that the dates given by plaintiffs= counsel were Anot
acceptable.@  On March
20, 2007, plaintiffs=
counsel notified opposing counsel that Awe
will not be able to appear.@ 
In response, by letter dated March 20, 2007, Bridgestone=s attorney denied having received the proposed
April dates[3] and informed
plaintiffs= counsel
that he would seek sanctions if the plaintiffs failed to attend their
depositions on March 28.

On
March 23, plaintiffs=
counsel filed a motion to quash, asserting that the date conflicted with his
schedule.  Because plaintiffs=
counsel failed to file the motion to quash within three business days after
service of the notice of depositions, the depositions were not automatically
stayed.  Tex. R. Civ. P.
199.4.  Plaintiffs=
counsel failed to obtain a hearing on the motion to quash prior to the dates
scheduled for the depositions.  Neither the plaintiffs nor their counsel
appeared at the scheduled depositions.  The record shows that plaintiffs= counsel was scheduled for
trial in Harris County during the week of March 26, 2007; the scheduling order
dated November 30, 2006, from a trial court in Harris County was attached to
the plaintiffs=
supplemental response to the defendants=
motion to dismiss in this case.








At
the May 3 hearing, the trial court had Adifficulty
reconciling@ the
argument of plaintiffs=
counsel Awith the
facts@ and granted the
motion to dismiss.  However, nothing in the record suggests that any discovery
abuses were attributable to the plaintiffs themselves.  The record from the
May 3 hearing does not reveal that the plaintiffs were present.  In fact,
nothing in the record indicates that the plaintiffs themselves were even aware
of the deposition notices or that the failure to attend was in any way their
fault.  Furthermore, the record does not indicate that the trial court attempted
to determine whether the offensive conduct was attributable to the plaintiffs
or only to plaintiffs=
counsel.  The trial court made no findings as to the fault of the plaintiffs,
just their counsel.  Under these circumstances, the death penalty sanction was
not just or appropriate and constituted an abuse of discretion; the trial court
should have considered lesser sanctions.  TransAmerican, 811 S.W.2d at
917-19; Leon=s
Fine Foods of Tex., Inc. v. Merit Inv. Partners, L.P., 160 S.W.3d 148 (Tex.
App.CEastland 2005, no
pet.).  

Consequently,
we hold that the trial court abused its discretion in dismissing the plaintiffs= claims.  The third and
fifth issues are sustained.  The remaining issues are not dispositive and need
not be addressed.  Tex. R. App. P.
47.1. 

The
trial court=s order
dismissing the plaintiffs=
claims with prejudice is reversed, and the cause is remanded for further
proceedings.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 16, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that Chan did not file a motion to dismiss but
that the claims against Chan were nonetheless disposed of by the trial court=s sanctions.  The trial court=s order specifically dismissed Aall Plaintiffs=
claims against all Defendants@ and ordered
that APlaintiffs TAKE NOTHING with this lawsuit.  This Order
finally disposes of all parties and all claims and is appealable.@  Thus, we conclude that the order is final and
appealable.





[2]We note that a separate motion to compel and dismiss,
which was based upon the plaintiffs=
allegedly inadequate responses to discovery requests, had been filed by
Bridgestone and was pending at the time of the hearing.  The record from the
hearing shows, however, that the May 3 hearing related only to the joint motion
to dismiss and not to any other pending motions.





[3]We note that, although Bridgestone=s attorney subsequently denied being apprised of the
proposed dates, the clerk=s record contains fax confirmations from plaintiffs= counsel to Bridgestone=s
attorney regarding the proposed April dates.  Furthermore, Bridgestone=s attorney stated in a letter attached to the
deposition notices that the dates proposed by plaintiffs= counsel were Anot
acceptable.@