**Reversed and Remanded and Opinion Filed January 30, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00274-CV**

**MARIA JUANA ARICEAGA-BANDA, Appellant**
**V.**
**DAFTIM, LLC, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-06843-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Pedersen, III

In this personal injury action, appellant complains the trial court abused its discretion in excluding affidavits; excluding expert testimony; and later striking pleadings and entering a take-nothing judgment as a death-penalty sanction. We reverse the trial court's judgment and remand the case to the trial court for proceedings consistent with this opinion.

## BACKGROUND

On December 9, 2019, appellant filed this lawsuit. She alleged she was an employee at appellee's restaurant and was injured there due to appellee's negligence, gross negligence, "and/or" malice.

On February 3, 2020, appellee filed a motion, in part, for sanctions. Appellee alleged appellant failed to appear to have her January 28, 2020 deposition taken. Appellee sought death-penalty sanctions and other relief. The trial court held a hearing on the motion March 3, 2020. The trial court's written order on the motion contained findings that appellant failed to appear at her January 28, 2020 deposition, that appellee incurred reasonable and necessary fees of $1,925.56 related to the deposition, but that appellee is entitled "only" to $325 reimbursement for its cost of obtaining a court reporter's certificate of appellant's non-appearance at the deposition. The trial court ordered "Plaintiff and/or Plaintiff's counsel and firm" to reimburse $325.56 to appellee. Moreover, it ordered appellant to appear and to give her deposition without further notice on March 16, 2020.

On March 31, 2020, appellee filed a second motion, in part, for sanctions. Appellee alleged appellant failed to appear for her court-ordered deposition. Appellee requested death penalty sanctions and attorney's fees. Alternately, it requested a lesser amount of attorney's fees and an order compelling appellant to appear for deposition on April 15, 2020. The trial court held a hearing on the second motion on April 21, 2020. At the hearing on appellee's motion, the trial court stated to appellant's counsel,

"I am sanctioning your client $1,000 for failure to appear at the deposition that I ordered back in March." The trial court also ordered that appellant's deposition be taken May 8, 2020. The trial court stated,

> I am not going to dismiss their case. I believe that lesser sanctions have been done. I did the deposition fees last time and now I have done a thousand dollars. I am trying . . . .

The trial judge told appellant's counsel that "dismissal is on the table if I keep hearing this stuff, okay?" The trial court continued,

> But you can tell your client [appellant] that I have got one foot in the door on the dismissal because of the jacking around that client is doing on this case. . . . The fees better be paid. The—we better run it just like—now that you know how to get a hold of her, you better run it exactly like I told you or I am going to dismiss her case.

Appellant's counsel argued appellant could not afford to pay the sanction. The trial court responded,

> I did not say that. I did not say that. She has to pay the thousand dollars. What I am saying is, is I am cranking up the sanction. Dismissal is one of them. And I understand her financial situation, but that's not fair to a Defendant either who is trying to play by the rules, trying to do what they are supposed to do, and paying a lot of attorney's fees chasing around trying to get her to comply with the Court's order.
>
> This is the second round—go-around at it.

The trial court restated to appellant's counsel that in the future, if "your client is not complying with the rules, I am going to dismiss the case." The trial court ordered appellant to pay the $1,000 sanction by June 1, 2020. Appellant's counsel stated he intended to file "an inability to pay." The trial court responded,

I know. So here's what you leave me the option of: dismissing the case. I am not telling you if you don't pay it. All I am saying is as we go forward and we still are having discovery problems and the— Defendants cannot be made whole financially, then I am going to just dismiss the damn case.

Soon after that, the trial court continued,

[I]f she continues to violate the discovery rules and she cannot pay, then the hierarchy of things is I have to be able to get compliance; and if I am not, I am allowed to go up the hierarchy and one of those options the Court has is a dismissal. What you can't do is have a Defendant who continues to have to file motions to get the Plaintiff to follow the rules . . . . and then be—and be disadvantaged by that because they can't get their fees back because of inability to pay.

So the Court in order to get compliance or to make things just and whole again, there is going to be a point—and I am not telling you now—there is going to be a point that I am going to have to dismiss the case because I can't do anything else to make defendant whole again.

The trial court's written order on the second motion contained findings that appellant failed to appear for her March 16, 2020 deposition in violation of the trial court's "first sanctions order." Appellant was ordered to pay the $1,000 sanction on or before June 1, 2020, and to appear for her deposition May 8, 2020.

On August 25, 2020, appellee filed a motion to enforce the second sanctions order. Appellee alleged appellant failed to pay the previously ordered $1,000 sanction on or before June 1, 2020. Nor had appellant paid the sanction as of the date of the motion. Appellee sought death-penalty sanctions and alternative relief. On November 30, 2020, the trial court signed an order. It recited appellant failed to timely pay the

$1,000 sanction, stated it "reaffirms" the sanctions order, and ordered appellant to pay the $1,000 sanction by February 1, 2021.

On June 15, 2021, appellee filed a second motion to enforce the trial court's second sanctions order. Appellee alleged appellant failed to pay the previously ordered $1,000 sanction by February 1, 2021. Appellee sought death-penalty sanctions and alternative relief. An appointed judge heard the motion on the second motion to enforce on July 27, 2021. The appointed judge denied appellee's request for death-penalty and other sanctions. The appointed judge deferred the matter of sanctions to the presiding judge.

At a November 8, 2021 pre-trial hearing, appellee's counsel stated the $1,000 sanction had not been paid. She reminded the trial court of its warning appellant's counsel the death penalty was "on the table" due to nonpayment. The trial court asked if the $1,000 sanction had been paid. Appellant's counsel stated the orders provided appellant herself must pay the sanction. The trial court stated it had previously said appellant's counsel could pay the fine. The trial court asked appellant's counsel, "So are you going to pay them or not?" Appellant's counsel stated if the trial court ordered him to pay the sanction individually, then he would pay it in compliance with such an order. The trial court stated,

> I am not reconsidering my deal. My sanction order stays in place. I don't care who pays it. Someone needs to pay it quick before I death penalty sanction this case for the last and final time.

The trial court set "Friday" as the deadline for payment. It stated, "And the sanction still applies to your client. I don't care who pays it, okay?"

On December 6, 2021, the parties appeared for trial. The following exchange occurred:

> APPELLANT'S COUNSEL: [I]n duty of candor to the Court, we have not paid the $1,000 fee that you leveled against my client.
>
> THE COURT: Okay.
>
> APPELLANT'S COUNSEL: You had advised us at pre-trial that you would death penalty the case if we didn't pay, and we haven't paid.

Appellee's counsel then requested that the trial court impose death penalty sanctions. Appellant's counsel again argued appellant was indigent. The following exchange occurred:

> THE COURT: Well, hang on. Mr. Stone you are kind of frustrating me, because then the Court made some accommodations and said if you want to pay it for her, that's perfectly fine with me. And you said, fine, Judge, we'll do that.
>
> APPELLANT'S COUNSEL: I requested the check at the pre-trial, which was about two weeks ago. The check was approved but it hasn't been processed by the accounting department so it has not been paid.

The trial court noted its previous sanction orders and its warnings "to pay it or I was going to death penalty sanction them." The trial court imposed "death penalty sanctions" and held from the bench that appellant "takes nothing." The trial court's judgment recited,

> Upon consideration by the Court of pre-trial matters, and based upon the pleadings, the evidence before the Court and the argument of the counsel,

–6–

the Court finds that the sanctions urged against Plaintiff are well taken due to an ongoing and persistent pattern of discovery abuses and that lesser sanctions have been unsuccessfully attempted in this cause. Accordingly, the Court finds that Plaintiff's pleadings should be stricken and a take nothing judgment should be entered against Plaintiff and in favor of Defendant.

Appellant filed a motion to reconsider the trial court's striking her pleadings and entry of a take-nothing judgment and filed a motion for new trial. Appellant attached a $1,325.56 check to her motions. The check indicates it was drawn on the account of appellant's counsel, was payable to appellee's counsel, was dated January 21, 2022, and was for "Payment of Sanctions." Appellant also attached a postage-paid envelope from appellant's counsel to appellee's counsel. The envelope indicates postage was paid January 27, 2022. Appellant filed the motions January 28, 2022. The trial court denied the motions by written order signed March 1, 2022. Appellant filed a notice of appeal March 29, 2022.

This appeal followed.

## DEATH PENALTY SANCTION

Appellant states her second appellate issue as follows,

The trial court abused its discretion when it dismissed the Appellant's lawsuit and entered a take-nothing Judgment against her because the sanctions previously imposed on the Appellant had not been paid and subsequently denied her motion to reconsider and for a new trial, even though those sanctions had been paid to the Appellee's attorneys and she has meritorious claims against the Appellee.

–7–

<u>Standard of Review</u>

"We review a trial court's ruling on a motion for sanctions for an abuse of discretion." *Duncan v. Park Place Motorcars, Ltd.*, 605 S.W.3d 479, 488 (Tex. App.—Dallas 2020, pet. withdrawn). The test for an abuse of discretion is not whether, in our opinion, the trial court's actions were appropriate under the facts and circumstances of the case. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). Rather, we determine whether the trial court acted without reference to guiding rules and principles. *See id.* at 241–42. We will reverse a trial court's sanctions order only if the ruling was arbitrary or unreasonable. *See id.* at 243. A ruling is arbitrary or unreasonable if the sanctions imposed do not further one of the purposes of discovery sanctions, namely, to secure the parties' compliance with discovery rules, to deter other litigants from violating the discovery rules, and to punish parties who violate the discovery rules. *See Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986).

In reviewing a sanctions award, we review the entire record, including the evidence, arguments of counsel, written discovery on file, and the circumstances surrounding the party's discovery abuse. *See Imagine Auto. Grp. v. Boardwalk Motor Cars, Ltd.*, 430 S.W.3d 620, 631 (Tex. App.—Dallas 2014, pet. denied) (citing *Response Time, Inc. v. Sterling Com. (N. Am.), Inc.*, 95 S.W.3d 656, 659 (Tex. App.—Dallas 2002, no pet.)). In imposing death penalty sanctions, the trial court may

properly consider everything that has occurred during the history of the litigation and is not limited to considering only the last violation of the discovery rules. *See Jefa Co., Inc. v. Mustang Tractor & Equip. Co.*, 868 S.W.2d 905, 910 (Tex. App.—Houston [14th Dist.] 1994, writ denied). To assess the propriety of death penalty sanctions, this Court "must be able to evaluate the trial court's ruling in light of the history of the litigation." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

Applicable Law

Discovery sanctions serve three purposes: (1) to secure the parties' compliance with the discovery rules; (2) to deter other litigants from violating the discovery rules; and (3) to punish parties who violate the discovery rules. *See Response Time*, 95 S.W.3d at 659–60 (citing *McRae v. Guinn Flying Servs.*, 778 S.W.2d 189, 191 (Tex. App.—Houston [1st Dist.] 1989, no writ)). Although the choice of sanctions is left to the sound discretion of the trial court, the sanctions imposed must be just. *See id.* at 660. We measure the justness of a sanction by two standards. *See Imagine Auto. Grp.*, 430 S.W.3d at 633 (citing *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding)). First, the sanctions must bear a direct relationship to the offensive conduct. *See id.* Second, the sanction must not be excessive. *See id.*

When a trial court imposes death penalty sanctions, we must ensure the sanction does not violate due process rights. *See Imagine Auto. Grp.*, 430 S.W.3d at 633. A death penalty sanction does not offend due process when (1) the trial court first

considers less severe sanctions before imposing "death penalty" sanctions, and (2) the offensive conduct justifies a presumption that the offending party's claims or defenses lack merit. *See id.* (first citing *Response Time, Inc.*, 95 S.W.3d at 660; then citing *TransAmerican Nat. Gas. Corp.*, 811 S.W.2d at 917–18).

A death penalty sanction adjudicates a claim and precludes presentation of the merits of the case. *See TransAmerican Natural Gas Corp.,* 811 S.W.2d at 918. Discovery sanctions can be used to adjudicate the merits of a party's claims when a party's hindrance of the discovery process justifies a presumption that its claims lack merit. *See Cire v. Cummings,* 134 S.W.3d 835, 841 (Tex.2004). Death-penalty sanctions include striking pleadings or rendering default judgment. *See In re RH White Oak, LLC*, 442 S.W.3d 492, 501 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding).

<u>Analysis</u>

The trial court's striking appellant's pleadings and ordering that appellant take nothing on her claims does not meet at least one important standard required by *TransAmerican Nat. Gas Corp.* Namely, "Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *TransAmerican Nat. Gas. Corp.*, 811 S.W.2d at 918. "[T]he court may not use death penalty sanctions to deny a litigant a decision on the merits of the case unless the court finds that the sanctioned party's conduct 'justifies a presumption that its claims or

–10–

defenses lack merit.'" *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996) (per curiam) (quoting *TransAmerican Nat. Gas Corp.*, 811 S.W.2d at 918). "There are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *TransAmerican Nat. Gas. Corp.*, 811 S.W.2d at 918.

The failure to meet this standard requires reversal of the trial court's judgment striking appellant's pleadings and providing she take nothing on her claims. In *Hamill*, the supreme court reversed a death penalty sanction because "the sanctioned conduct [untimely discovery response and failure to pay $200 in attorney's fees] does not justify the presumption that Hamill's claims are meritless" and was excessive. *Hamill*, 917 S.W.2d at 16. The Seventh Court of Appeals considered a case in which the trial court imposed death-penalty sanctions for failure to comply with an order to pay $6,600 for attorney's fees and travel expenses and stated,

> We are unable to square the court's order with the requirements for such death-penalty sanctions. The threatened sanction was not conditioned on a failure to provide further needed discovery, but merely on the payment of $6,600. We cannot see how Griggs' failure to pay the ordered attorney's fees gives rise to a presumption she had no meritorious defense to DBE's lien foreclosure action. . . . "Although punishment and deterrence are legitimate purposes for sanctions, they do not justify trial by sanctions." *TransAmerican*, 811 S.W.2d at 918 (citations omitted). We find the death-penalty sanction imposed to grant DBE a judgment against Griggs constituted such a prohibited "trial by sanctions" in this case, and thus was excessive.

> For those reasons, we find the trial court abused its discretion by entering judgment for DBE as a sanction.

–11–

*Griggs, Trustee of Gloria A. Griggs Revocable Living Trust v. Dalhart Butane & Equip. Co., Ltd*, No. 07-17-00208-CV, 2019 WL 2608952, at *5 (Tex. App.—Amarillo June 25, 2019, no pet.) (mem. op.). The Fourteenth Court of Appeals has stated,

> Here, Khan's failure to pay $400 in attorney's fees reveals nothing about the truth or merit of her claims. *Cf. Hamill v. Level*, 917 S.W.2d 15, 17 (Tex. 1996 (per curiam) (death penalty sanctions not justified where plaintiff made an untimely discovery response and failed to pay $200 in attorney's fees). Although Khan had several months to pay the fee and she had been warned at least once about the failure to do so, we cannot say that her behavior, even if done in flagrant bad faith, warrants the severest of civil sanctions. . . .

*Khan v. Valliani*, 439 S.W.3d 528, 535 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (reversing death-penalty sanction for failure to pay monetary sanction whether the death-penalty sanction was imposed pursuant to the trial court's inherent authority or pursuant to rule 215 of the Texas Rules of Civil Procedure).

In reviewing the trial court's imposition of death-penalty sanctions, we review the entire record. *See Imagine Auto. Grp.*, 430 S.W.3d at 631 (citing *Response Time, Inc.*, 95 S.W.3d at 659). In addition to the trial court's statements concerning payment of the $1,000 and repeated warnings of death-penalty sanctions for non-payment, quoted above, the trial court stated on the day scheduled for trial,

> The Court does note its previous orders. The Court sanctioned the Plaintiff and told him to pay it or I was going to death penalty sanction them. I am not going to put this through trial since my orders weren't followed. The Court is going to impose death penalty sanctions. The plaintiff takes nothing.

–12–

We conclude the trial court's statements in pre-trial hearings and on the day scheduled for trial demonstrate it imposed death penalty sanctions in response to appellant's failure to pay the $1,000 sanction. As noted, a trial court may constitutionally impose death-penalty sanctions if the sanctioned conduct reasonably supports a presumption that a party's claim is meritless. *See TransAmerican Nat. Gas. Corp.*, 811 S.W.2d at 918; *see also Hamill*, 917 S.W.2d at 16. However, as in *Griggs* and *Khan*, appellant's failure to pay the $1,000 sanction reveals nothing about the merits of her claim. We find the reasoning in *Griggs* and *Kahn* to be apt and persuasive in this case. Consequently, we conclude the trial court's imposition of death-penalty sanctions due to appellant's failure to pay the $1,000 sanction was an abuse of discretion. *See TransAmerican Nat. Gas. Corp.*, 811 S.W.2d at 918; *see also Hamill*, 917 S.W.2d at 16; *Griggs, Trustee of Gloria A. Griggs Revocable Living Trust*, 2019 WL 2608952, at *5 (death-penalty sanction for failure to pay $6,600 sanction was unrelated to the merits of the case and was "excessive"); *Khan*, 439 S.W.3d 535 (sustaining appellant's issue that death-penalty sanction for failing to pay monetary sanction was excessive and unjust).

We sustain appellant's second point of error.[1]

---

[1] Due to our disposition of appellant's second appellate issue, we need not and do not decide her first appellate issue which states, "Whether the trial court abused its discretion by granting a motion to strike an affidavit filed without complying with Tex. Civ. Prac. & Rem Code 18.001 and also excluding untimely and improperly designated experts." The trial court excluded the affidavit and expert testimony prior to the date of trial.

## CONCLUSION

We reverse the trial court's judgment and remand the case to the trial court for proceedings consistent with this opinion.

220274f.p05

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MARIA JUANA ARICEAGA-BANDA, Appellant

No. 05-22-00274-CV     V.

DAFTIM, LLC, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-06843-2019.
Opinion delivered by Justice Pedersen, III. Justices Molberg and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for proceedings consistent with this Court's opinion in this cause.

It is **ORDERED** that appellant MARIA JUANA ARICEAGA-BANDA recover her costs of this appeal from appellee DAFTIM, LLC.

Judgment entered this 30th day of January, 2024.