**REVERSE AND REMAND and Opinion Filed July 17, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-23-00100-CV**

_____

**MGO, LLC, Appellant**

**V.**

**ACCESSOLOGY TOO, LLC, KRISTI AVALOS, INDIVIDUALLY, THOMAS AVALOS, INDIVIDUALLY, AND OVATIONS ACADEMY, A TEXAS NONPROFIT CORPORATION, Appellees**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-04473-2020**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Garcia

Appellant MGO, LLC was the plaintiff in the trial court, and it lost this case as the result of death-penalty discovery sanctions. Because the trial judge did not test lesser sanctions first, and because this is not a case involving exceptional or egregious misconduct, we reverse and remand for further proceedings.

### I. BACKGROUND

Because the sole issue on appeal is the propriety of death-penalty sanctions, we focus on the pleadings, motions, and hearings relevant to the sanctions order.

In September 2020, MGO sued Accessology, Kristi Avalos, and Thomas Avalos. MGO alleged that it had leased certain premises to Accessology and that Accessology had damaged the premises and breached the lease. Accessology and the Avaloses answered.

In October 2020, MGO amended its petition to add Ovations Academy as a defendant. Ovations Academy answered.

In April 2021, MGO filed its Second Amended Petition, which remained its live petition through the end of the case.

In August 2021, Accessology and the Avaloses filed a counterpetition against MGO and Robert O'Donnell.

It appears that the case was set for trial twice and that those settings were continued. In April 2022, the case was set for trial on August 8, 2022. On August 1, 2022, Accessology and the Avaloses filed a motion for continuance. At a pretrial conference, the trial judge continued the case to September 12, 2022.

On September 12, 2022, the parties appeared in court. After some discussion regarding the state of the case and discovery-related issues, the trial judge decided that the case was not ready to go to trial. She orally ruled that discovery was reopened for 30 days, through October 12. She further explained:

> So all discovery will be closed as of Wednesday the 12th. Whatever gets served by midnight, that's the world of discovery. . . .
>
> . . . .

My understanding is that there is confusion about where discovery was served, who is responsible for answering it, and where it should be sent. *Nobody has asked to be able to send brand-new discovery that nobody has ever seen before.*

. . . .

. . . If you believe discovery was sent or was sent to the wrong place or that you didn't get it, now is the time to re-serve that to the correct attorney and have those responses back 30 days from now. . . . *It was not my understanding that anyone was asking to send brand-new discovery but that there is just confusion about who sent what and who is responsible for answering it and to whom.* So you have 30 days to figure that out.

. . . .

. . . *We are using these 30 days to clean up the discovery that has already been propounded* to make sure that responses have been timely served and to give counsel an opportunity to confer on any final objections. And then if we still don't have all of those issues worked out, I'll rule on them on the 14th.

(Emphases added.) Thus, it appears that the judge reopened discovery solely to allow the parties to serve answers to previously propounded requests—not to propound entirely new discovery requests. The judge set a hearing for the morning of October 14 to resolve any remaining discovery issues, and she set the case for jury trial on October 24.

On October 13, 2022, Accessology and the Avaloses filed a "Motion to Compel Discovery & Strike Pleadings" against MGO based on discovery abuse. They argued, among other things, that MGO did not serve its discovery responses until the morning of that same day and that those responses were incomplete and inadequate. The relief they requested included recognition of deemed admissions by

–3–

MGO and alternatively the striking of MGO's pleadings and an award of attorney's fees.

On October 14, 2022, visiting judge Joe Bridges presided over the hearing. Counsel for Accessology and the Avaloses argued their motion for sanctions, and counsel for MGO responded. Judge Bridges took all matters under advisement. Later that day, Judge Bridges signed an order that granted Accessology and the Avaloses' motion to compel and to strike, specifically ordering the following relief:

- MGO's objections to movants' interrogatories and requests for production were overruled.

- Movants' requests for admissions were deemed admitted.

- MGO was ordered to respond, without objections, to all of movants' discovery requests by October 21.

- MGO's "*First Amended Petition & Request for Disclosure*" was struck from the record. (Emphasis in original.)

On October 18, 2022, MGO filed a motion to stay discovery in which it also requested that the trial court withdraw or strike MGO's deemed admissions. Accessology and the Avaloses filed response the next day.

On October 20, 2022, the trial judge held a short pretrial hearing at which she noted that Judge Bridges would preside over the trial scheduled for the following week. She told the parties to take up any arguments about Judge Bridges's prior rulings with him.

On October 21, 2022, and apparently without another hearing, Judge Bridges signed an order on MGO's motion to stay discovery. The order struck Accessology

–4–

and the Avaloses' discovery requests that were made after an August 2021 discovery deadline and ordered all deemed admissions "withdrawn." That same day, Judge Bridges signed a separate order striking Accessology and the Avaloses' counterpetition. Also on October 21, Accessology and the Avaloses filed two motions seeking clarification and a motion for contempt and sanctions.

On October 24, 2022, the parties appeared before Judge Bridges for trial. Accessology and the Avaloses took the position that MGO's pleadings had been struck and that the only issue for the jury was attorney's fees. MGO disputed that its pleadings had been struck, pointing out that the judge had struck MGO's first amended petition when MGO's live pleading was actually its second amended petition. Judge Bridges stated that he had effectively done away with both sides' cases for their dilatory conduct, but he invited further argument from the parties. After hearing some argument, Judge Bridges canceled the scheduled jury trial and allowed the parties to present additional argument. Then he took the matter under advisement.

On November 4, 2022, Judge Bridges signed the order that constitutes the final judgment in the case. That order provides in its entirety:

> I have stricken the plaintiff[']s pleadings for not being ready for trial with all the requested discovery by October 12, 2022[,] the date previously ordered by the Court.
>
> I find the Defendants are the prevailing party.
>
> I find the attorney's fees of the Defendants are reasonable.

–5–

> I find the Defendants under the contract are entitled to attorney fees in the amount of $66,255.44 and are to be paid at a reasonable time under the law.
>
> I find Ovations Academy was not a party to that contract so no attorney fees are awarded under the contract.

That same day, Judge Bridges signed findings of fact and conclusions of law. The findings included the following explanation of why death-penalty sanctions against MGO were permissible:

> The hearing on [the] day of trial was the plaintiff's objection to the court's striking [its] pleadings and as being too severe. The plaintiff complained that this was a death penalty on [its] first violation. The Court took the denial of no [sic] new discovery and requirement to get the discovery done by October 12, as a sanction. The Court overruled those objections.

MGO filed a timely motion for new trial that it later amended and supplemented. The trial judge held a hearing and later signed an order denying MGO's motion for new trial.

MGO timely filed a notice of appeal.

## II.  ISSUE PRESENTED AND STANDARD OF REVIEW

MGO's sole issue on appeal is whether the trial court erred by imposing death-penalty sanctions on MGO.

We review a trial judge's order imposing discovery sanctions for abuse of discretion. *Duncan v. Park Place Motorcars, Ltd.*, 605 S.W.3d 479, 488 (Tex. App.—Dallas 2020, pet. withdrawn). An abuse of discretion occurs when either (1) the trial judge fails to analyze or apply the law correctly, or (2) with regard to

–6–

factual matters or matters committed to its discretion, the trial judge could reasonably reach only one decision and failed to do so. *VSDH Vaquero Venture, Ltd. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at *4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.). We view the evidence in the light most favorable to the trial judge's ruling. *Duncan*, 605 S.W.3d at 488.

## III.   ANALYSIS

### A.   Applicable Law

Trial judges have the authority to impose just sanctions against a party that fails to comply with proper discovery requests or with an order to provide discovery. *See* TEX. R. CIV. P. 215.2(b). The rule lists the sanctions that a court may impose. *See id*. Two standards govern whether a sanction is just: (1) a direct relationship must exist between the offensive conduct and the sanction imposed, and (2) the sanction must not be excessive. *Hizar v. Heflin*, 672 S.W.3d 774, 789 (Tex. App.—Dallas 2023, pet. denied). In assessing the propriety of a sanction, we also consider whether it furthers the purposes of the sanctions rule, which are to secure the parties' compliance with the discovery rules, to deter other litigants from violating the discovery rules, and to punish parties who violate the discovery rules. *Id*. at 788.

Sanctions that effectively adjudicate a claim or preclude a decision on the merits of the case are known as death-penalty sanctions. *Gunn v. Fuqua*, 397 S.W.3d 358, 366 (Tex. App.—Dallas 2013, pet. denied). Rule 215 authorizes death-penalty sanctions, *see* TEX. R. CIV. P. 215.2(b)(5), but their use is limited by additional rules.

–7–

For one, death-penalty sanctions should not be used to deny a trial on the merits unless the court finds that (1) the offensive conduct justifies a presumption that the party's claims or defenses lack merit and (2) it would be unjust to permit the party to present the substance of its position that was the subject of the withheld discovery. *Cire v. Cummings*, 134 S.W.3d 835, 840 (Tex. 2004). For another, death-penalty sanctions must be used as a last resort, after the trial judge has considered lesser sanctions and, in all but the most exceptional and egregious cases, actually tested lesser sanctions. *Id*. at 842; *Gunn*, 397 S.W.3d at 374–75.

## B.      Application of the Law to the Facts

The main thrust of MGO's argument is that Judge Bridges erred by construing the trial judge's September 12 order re-opening discovery as a sanction and thus further erred by ordering death-penalty sanctions against MGO when MGO had not previously been sanctioned for discovery abuse. We agree.

We see nothing in the record before September 12, 2022, that could possibly be construed as a discovery sanction, and appellees do not argue the contrary. Rather, they argue that Judge Bridges correctly found that the trial judge's September 12 order re-opening discovery and requiring its completion by October 12 was "a penalty for the attorneys previously not complying with discovery."

We reject appellees' argument and conclude that Judge Bridges erred by construing the trial judge's September 12 order as penalty or sanction. *See sanction*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A penalty or coercive measure that

–8–

results from failure to comply with a law, rule, or order"). As we understand the September 12 order, the trial judge merely re-opened the discovery period and directed the parties to respond to all previously propounded discovery requests. She imposed none of the consequences authorized as sanctions by Rule 215.2(b). She did overrule MGO's objection that appellees had propounded their discovery requests after the original discovery cut-off date, but an order overruling an objection is not a sanction. *See id*.

Appellees also argue that the trial judge's September 12 order re-opening discovery constituted a sanction because it was coupled with oral warnings to the parties about the penalties for noncompliance. The judge said:

> If I need to order additional production, if you have objections that you are not sure about, I would urge you not to make frivolous or unnecessary objections, because, on the 14th, if it looks like people are still stalling, or trying not to hand over relevant information, *I have been known to award attorney's fees for that kind of behavior*. And since we are coming up on the eve of trial, if it looks like you have something that is relevant and clearly within the scope of discovery and you're hanging it up on some kind of technicality, *that Friday is not going to go very well for your client*.

(Emphases added.) We disagree with appellees' argument. We recently held that an order compelling discovery responses, coupled with an unequivocal warning that noncompliance would result in dismissal, constitutes a lesser sanction that can support a subsequent death-penalty sanction. *Hizar*, 672 S.W.3d at 791–94. However, equivocal warnings of future sanctions do not constitute lesser sanctions. *See id*. at 793. The trial judge's remarks in this case were equivocal warnings about

–9–

future sanctions and did not specifically mention the possibility of death-penalty sanctions at all. Thus, the *Hizar* test was not met on the facts of this case.

For the foregoing reasons, we conclude that lesser sanctions were not tested in this case before Judge Bridges imposed death-penalty sanctions on MGO. This was impermissible unless the record demonstrated that this was among "the most egregious and exceptional cases" of discovery abuse. *See Cire*, 134 S.W.3d at 842. As explained below, we conclude that the record, even viewed in the light most favorable to Judge Bridges's decision, cannot support such a conclusion.

Judge Bridges's sanctions order and findings are vague as to the exact nature of MGO's discovery violation. His order recites that MGO was "not . . . ready for trial with all the requested discovery by October 12, 2022." His findings refer to "delay" and to the fact that MGO's discovery "was in the day after it was due." These recitations are consistent with MGO's attorney's repeated assertions at the sanctions hearing that he served MGO's discovery responses roughly eight to ten hours after the deadline (i.e., around 8:00 to 10:00 A.M. on October 13, 2022). And counsel for Accessology and the Avaloses acknowledged at the hearing that MGO served its "responses and production" at 10:00 or 11:00 on October 13.

We conclude that the record does not support a conclusion that MGO was guilty of misconduct more egregious than serving its discovery responses ten or eleven hours late. This is not comparable to the egregious conduct presented in cases upholding death-penalty sanctions that were imposed as initial sanctions, such as the

–10–

*Cire* case. *See* 134 S.W.3d at 842–43 (upholding death-penalty sanction because plaintiff destroyed evidence going to the heart of her claims against the defendants). We hold that Judge Bridges could not reasonably conclude that MGO's misconduct was so egregious or exceptional as to warrant death-penalty sanctions as an initial sanction. *See Gunn*, 397 S.W.3d at 369–70, 374–75 (reversing death-penalty sanction imposed as initial sanction for failing to designate experts and produce expert reports per the trial court's scheduling order); *see also Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996) (per curiam) (reversing death-penalty sanction imposed after plaintiff (1) failed to answer discovery until just before sanctions hearing and (2) failed to pay $200 as his attorney had agreed to do); *Associated Air Ctr. LP v. Tary Network Ltd.*, No. 05-13-00685-CV, 2015 WL 970664, at *6–7 (Tex. App.— Dallas Mar. 4, 2015, no pet.) (mem. op.) (reversing death-penalty sanction imposed as initial sanction after party's representative refused to answer certain deposition questions and party objected to requests for production bearing on its affirmative defenses).

For the foregoing reasons, we conclude that Judge Bridges abused his discretion by imposing death-penalty sanctions against MGO.

## C.    Relief

MGO asks us to reverse the entire judgment including the finding that appellees were prevailing parties and the award of attorney's fees to Accessology and the Avaloses. We agree that the harm to MGO flowing from Judge Bridges's

–11–

sanctions order included not only the loss of MGO's claims for relief but also the determination that Accessology and the Avaloses were prevailing parties entitled to recover their attorney's fees. Thus, we reverse the judgment in its entirety.

MGO also asks us to award it its "attorney's fees for appeal." It cites no authority and provides no argument in support of this request, so we deny it. *See* TEX. R. APP. P. 38.1(i).

## IV.  DISPOSITION

We sustain MGO's sole issue on appeal. We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

/Dennise Garcia/

DENNISE GARCIA

230100F.P05                                      JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MGO, LLC, Appellant

No. 05-23-00100-CV          V.

ACCESSOLOGY TOO, LLC,
KRISTI AVALOS,
INDIVIDUALLY, THOMAS
AVALOS, INDIVIDUALLY, AND
OVATIONS ACADEMY, A TEXAS
NONPROFIT CORPORATION,
Appellees

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-04473-
2020.
Opinion delivered by Justice Garcia.
Justices Reichek and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant MGO, LLC recover its costs of this appeal from appellees Accessology Too, LLC, Kristi Avalos, Individually, Thomas Avalos, Individually, and Ovations Academy, A Texas Nonprofit Corporation.

Judgment entered this 17th day of July 2024.

–13–